# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IMPACT MARKETING INTERNATIONAL, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | 2:10-cv-01809-RLH-LRL ) ) |
| | ) **O R D E R** |
| BIG O TIRES, LLC, | ) ) |
| Defendant. | ) ) ) |

Before the court is a Stipulated Protective Order (#26, filed July 8, 2011). Paragraph I.2 does not comply with the electronic filing requirements of this court, or with the requirements of the Ninth Circuit Court of Appeals with regard to the sealing of confidential documents that are either attached as exhibits to a dispositive motion (or response or reply), or offered in evidence at trial.

The Clerk of Court will not accept "paper" documents from counsel, whether sealed or unsealed, unless expressly directed by the court to do so. The court will not direct the Clerk to accept paper documents from counsel absent extraordinary circumstances. The mere filing of a sealed, confidential document is not an extraordinary circumstance. Nor may the parties electronically file a sealed document unless authorized by the court to do so.

Where a stipulated protective order is entered, its provisions regarding the filing of sealed documents must comply with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party

> seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy. *Id.* "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply), such materials become a part of a judicial record, and as such "are public documents almost be definition, and the public is entitled to access by default." *Id.*

IT IS THEREFORE ORDERED that the proposed protective order is disapproved without prejudice to submit an amended order consistent with this court's electronic filing requirements and the requirements of *Kamakana v. City and County of Honolulu*.

DATED this 15th day of July, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

2